UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IGNACIO MANUEL PULIDO GOMEZ, | CASE NO. C26-0992JLR |
| Petitioner, | ORDER |
| v. | |
| TODD BLANCHE, et al., | |
| Respondents. | |

## I.  INTRODUCTION

Before the court is Petitioner Ignacio Manuel Pulido Gomez's petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 6); Traverse (Dkt. # 12).)  Petitioner is proceeding *pro se* and *in forma pauperis* ("IFP") in this action.  (*See* 4/1/26 IFP Order (Dkt. # 5).)  The Government[1] opposes the petition.  (Return (Dkt. # 9).)  The court has

---

[1] The Federal Respondent is the United States Attorney General Todd Blanche (referenced herein as the "Government").  (Pet. at 1.)

ORDER - 1

considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court GRANTS the petition in part.

## II.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States at an unknown location and on an unknown date.  (Dumo Decl. (Dkt. # 10) ¶ 3.)  On three occasions in 2010, United States Customs and Border Patrol ("CPB") encountered Petitioner near the southern border and granted him voluntary return to Mexico.  (*Id*. ¶¶ 4-6 (representing that on April 14, 2010; May 8, 2010; and May 11, 2010 CBP granted Petitioner voluntary return to Mexico).)  On June 6, 2014, the Superior Court of California, County of Ventura convicted Petitioner of driving under the influence and driving without a license.  (*Id*. ¶ 7.)  On February 3, 2025, the Ventura County Sheriff's Department arrested and charged Petitioner for throwing a substance on a vehicle and battery.  (*Id*. ¶ 8.)  On May 14, 2025, the United States Immigration and Customs Enforcement's ("ICE") Los Angeles Office of Enforcement and Removal Operations ("ERO") arrested Petitioner and issued him a Notice to Appear charging him as removable and placing him in removal proceedings.  (*Id*. ¶¶ 9-10; Wong Decl. (Dkt. # 11) ¶ 2, Ex. 2 (Notice to Appear).)

On May 15, 2025, the Government transported Petitioner to the Northwest ICE Processing Center ("NWIPC"), where he has since remained.  (Dumo Decl. ¶ 11.)  On October 8, 2025, the Tacoma, Washington Immigration Court granted Petitioner's application for cancellation of removal.  (*Id*. ¶ 13; Wong Decl. ¶ 2, Ex. 3 (Cancellation Order).)  On November 5, 2025, the Government timely appealed the order of the Immigration Judge ("IJ") to the Board of Immigration Appeals ("BIA") and that appeal

ORDER - 2

remains pending. (Dumo Decl. ¶ 14.) On November 24, 2025, an IJ denied Petitioner bond on the basis that he is a danger to the community. (*Id*. ¶ 15.) Both parties waived appeal of the IJ's bond decision. (*Id*.)

On April 1, 2026, six months after the IJ cancelled Petitioner's order of removal, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release from federal custody. (*See generally* Pet.) The petition is now fully briefed and ripe for the court's consideration.

### III.   ANALYSIS

Habeas petitioners must provide by preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner asserts that his continued detention is unlawful because he is subject to discretionary detention under 8 U.S.C. § 1226(a); an IJ previously cancelled his order of removal; and his personal circumstances support his immediate release on bond. (*See generally* Traverse.) In response, the Government asserts that the court should deny Petitioner habeas relief because he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); due process does not require a court-ordered bond hearing; and he failed to exhaust his administrative remedies regarding his bond hearing. (*See generally* Pet.) The court considers each argument in turn.

//

//

//

ORDER - 3

**A.      Petitioner is Detained Subject to § 1226(a), not § 1225(b)(2).**

On September 30, 2025, United States District Judge Tiffany M. Cartwright granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> [a]ll noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).  The Cartwright Court issued the following declaratory relief:

> [t]he Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act ["INA"].

*Id*.

Although the Government contends that Petitioner is subject to mandatory detention under § 1225(b)(2), there is no dispute that he (1) last entered the United States without inspection, (2) was not apprehended on arrival to the United States, and (3) is not subject to detention under § 1226(c), § 1225(b)(1), or § 1231.  (*See generally* Pet.; Return.)  The court relies upon the reasoning of *Rodriguez Vazquez* and concludes that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322-36.  Petitioner has shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief.  *See* 28 U.S.C. § 2241(c)(3).

ORDER - 4

In so concluding, the court adopts the reasoning found in *Nunez Diaz v. Scott*, No. C26-00679TMC, 2026 WL 1113391, at *3 (W.D. Wash. Apr. 24, 2026), a case with facts that are undeniably similar to the case currently before the court.  In *Nunez Diaz*, the petitioner, a citizen of Mexico, entered the United States without inspection and was not apprehended by the Government on arrival.  *Nunez Diaz*, 2026 WL 1113391 at *1.  An IJ later granted the petitioner cancellation of removal and the Government appealed that ruling to the BIA, which had not ruled on the appeal at the time the petitioner filed a habeas petition.  *Id*.  On these facts, the *Nunez Diaz* court determined that the petitioner was subject to discretionary detention under § 1226(a) and entitled to habeas relief because "he (1) last entered the United States without inspection, (2) was not apprehended on arrival to the United States, and (3) [was] not subject to detention under § 1226(c), § 1225(b)(1), or § 1231." *Id*. at *2.  This court follows suit and finds that Petitioner is detained under § 1226(a).

**B.      Petitioner is Not Entitled to Immediate Release.**

Petitioner also moves the court to enforce the "release orders" previously issued by the IJ.  (Traverse ¶ 32(B).)  "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by [incarcerated persons]." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).  The court liberally construes Petitioner's claim as one arguing that the IJ's order of cancellation of his removal order was in fact an order of release from federal custody.  (Traverse at 1 (asserting that Petitioner moves the court for an order of release in accord with the relief granted by the IJ earlier in this action).)

ORDER - 5

As a general matter, when an immigration judge decides that the Government should not remove a noncitizen, the Government will release the noncitizen from custody.  8 U.S.C. § 1537(a)(1).  If the Government appeals the order of cancellation of removal to the BIA, however, the Government is permitted to detain the noncitizen while the appeal is pending.  *Id*. § 1537(a)(2) ("If the Attorney General takes an appeal from such decision, the [noncitizen] shall remain in custody, subject to the provisions of section 3142 of Title 18.").

Here, there is no dispute that the Government appealed the IJ's order cancelling Petitioner's order of removal.  (Traverse ¶ 4; Return at 2-3; *see also* Dumo Decl. ¶ 14.) Thus, the Government may detain Petitioner pending resolution of the appeal. Accordingly, the court declines to order Petitioner's immediate release on this ground.

**C.      Petitioner is Entitled to a Bond Hearing.**

Finally, Petitioner asserts that his personal circumstances support a court-ordered bond hearing to assess whether he is a danger to society or an immediate flight risk. (Traverse ¶ 32(D).)  The court agrees for the reasons set forth below.

Section 1226(a) provides that a "[noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . [T]he Attorney General (1) may continue to detain the arrested [noncitizen]; and (2) may release the [noncitizen] on [bond or conditional parole][.]"  8 U.S.C. § 1226(a). (providing that the noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States").  The § 1226(a) framework is discretionary; an immigration officer makes the initial determination to

either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge.  8 C.F.R. § 1236.1(c)(8), (d)(1).  At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'"  *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In Re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Where, as here, an IJ has previously denied a Petitioner's request for bond, courts have continuing "habeas jurisdiction over constitutional claims of questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (plurality opinion); *accord Hernandez*, 872 F.3d at 987.  The Ninth Circuit has also held that mixed questions of law and fact are reviewable.  *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024) (noting that review of the BIA's "dangerousness" determination is reviewable for abuse of discretion). "Once a constitutional violation has been found, a district court has broad powers to fashion a remedy."  *Sharp v. Weston*, 233 F.3d 1166, 1173 (9th Cir. 2000) (citation omitted); *see also Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (quoting *Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003)) ("[T]he purpose of habeas remedies is to 'put the defendant back in the position he would have been in if the [constitutional] violation never occurred.'").

Here the parties agree that on November 24, 2025, an IJ denied Petitioner bond on the basis that he is a danger to the community.  (Traverse ¶ 5; Return at 3; *see also* Dumo

Decl. ¶ 15.)  Neither party, however, provided the court a copy of the IJ's bond decision or addressed in their briefing what burden was used or where the burden was placed. (*See generally* Dkt.)  What legal standard was appropriate to apply and whether that legal standard was applied is a question of law.  *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024) ("[T]he application of a legal standard to undisputed or established facts" is a question of law).  Thus, whether the IJ found Petitioner to be dangerous and denied bond based on a constitutionally deficient process, and whether his continued detention is unlawful because it is not reasonably related to removal are open questions.

Accordingly, the court determines that Petitioner has provided by preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to a bond hearing.  8 U.S.C. § 2241(c); *Davis*, 384 F.3d at 638.  The bond hearing must be held within 14 days of this order and must comport with *Singh v. Holder*, requiring the Government to justify Petitioner's continued detention by clear and convincing evidence.  638 F.3d 1196 (9th Cir. 2011).

**D.    Petitioner Need Not Exhaust His Administrative Remedies.**

Finally, the Government asserts that the court should decline to consider Petitioner's habeas petition seeking a bond hearing without first exhausting his administrative remedies.  (Return at 10.)  This argument, however, is without merit.

In the Ninth Circuit, "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted).

ORDER - 8

Here, the court determines that exhaustion is excused.  The BIA has already adopted the Government's position that the IJs lack jurisdiction to grant bond to any detainee who is charged with entering the United States without admission or parole, and courts in this District have already held that this position is inconsistent with the INA.  *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); *Rodriguez Vazquez*, 802 F. Supp. 3d at 1322-36.  Indeed, the Government does not dispute that the Petitioner is subject to mandatory detention under § 1225(b)(2).  (*See* Return at 1.)  Petitioner need not undertake the futile exercise of appealing the bond ruling while still subject to unlawful mandatory detention in order to seek habeas relief.  *See Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require") (quoting 28 U.S.C. § 2243).  Thus, the court declines to deny Petitioner a bond hearing on this ground.

//

//

//

//

//

//

//

//

//

//

ORDER - 9

## IV.   CONCLUSION

Accordingly, the court ORDERS as follows:

(1) Petitioner's petition for a writ of habeas corpus is GRANTED in part (Dkt. # 6);

(2) Within **14 days of the date of this order**, the Government shall provide Petitioner an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011);

(3) The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.


Dated this 27th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 10