UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IGNACIO MANUEL PULIDO GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | CASE NO. C26-0992JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Petitioner Ignacio Manuel Pulido Gomez's motion to enforce order. (Mot. (Dkt. # 16).) Petitioner moves the court to order his immediate release or, alternatively, stay the court's May 27, 2026 Order granting in part his petition for a writ of habeas corpus. (*Id.* at 1; *see also* 5/27/26 Order (Dkt. # 13); Pet. (Dkt. # 6).)

The Government[1] opposes the motion. (Resp. (Dkt. # 18).) Petitioner did not file a reply. (*See generally* Dkt.) The court has considered the motion, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

## II. BACKGROUND

The court set forth the relevant procedural history and factual background of this matter in its prior order, which is incorporated herein by reference, and repeated below only to the extent necessary to address the currently pending motion. (*See* 5/27/26 Order at 2-3.) On April 1, 2026, Petitioner filed a petition for a writ of habeas corpus seeking his immediate release from federal custody. (Pet.) On May 27, 2026, the court granted the petition in part, holding that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to a bond hearing. (*See generally* 5/27/26 Order.) The court ordered the Government to hold an individualized bond hearing for Petitioner that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) within 14 days of the date of the order. (*Id.*) On June 8, 2026, the immigration court held a hearing for petitioner, for which there is a contemporaneous record, and found that the Government has shown by clear and convincing evidence that Petitioner is a danger to the community. (*See generally* 6/8/26 Order (Dkt. # 15-1); *see also* Wong Decl. (Dkt. # 19) ¶ 2, Ex. 4 (Bond Hearing Transcript).)

---

[1] The Federal Respondent is the United States Attorney General Todd Blanche (referenced herein as the "Government"). (Pet. at 1.)

On July 20, 2026, Petitioner filed the instant motion asserting that the bond hearing violated his due process right and this court's May 27, 2026 Order. (Mot. ¶ 9.) Specifically, Petitioner asserts that the hearing was "procedurally inadequate due to the [immigration judge's ("IJ")] failure to apply the correct legal standard, the absence of a functional proper record and fail[ure] to provide a meaningful individualized determination[.]" (*Id.*) The motion is fully briefed and ripe for the court's consideration.

## III. ANALYSIS

Habeas petitioners must provide by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### A. The Court has Jurisdiction to Review the Bond Denial.

While the court generally lacks jurisdiction to review discretionary bond decisions, *see* 8 U.S.C. § 1226(e), it retains jurisdiction to "review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026) (citation omitted). In this context, mixed questions of law and fact—even if primarily factual—are treated as questions of law. *Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024). Because Petitioner challenges the procedural adequacy of the bond hearing, (Pet. at 3), the court concludes that it has subject matter jurisdiction to consider his claim. *Soriano*, 830 F. Supp. 3d at 1078 (quoting *W.T.M. v. Bondi*, No. C25-2428RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026)).

//

**B. The Bond Hearing Did Not Violate Due Process.**

Petitioner asserts that (1) the IJ failed to apply the correct legal standard; (2) there was an absence of a "functional proper record[;]" (3) the IJ failed to provide "a meaningful individualized determination[;]" and (4) that immediate release is the only remedy. (*See* Pet. ¶¶ 9, 26; *see also id.* ¶ 10 (asserting that the IJ failed to consider testimony that Petitioner is not a gang member).) Petitioner also alleges that the IJ impermissibly failed to consider alternatives to detention in his determination. (*Id.* ¶ 11.) In response, the Government asserts, in pertinent part, that Petitioner has failed to identify any valid constitutional or legal error that would entitle him to release. (Resp. at 4-5.) The court agrees with the Government.

Under *In re Guerra*, the BIA established a multi-factored test to guide an IJ's custody determination:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

24 I. & N. Dec. 37, 40 (BIA 2006) (citations omitted); *see also Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA 2020) (same).

In the context of habeas review, *Singh v. Holder* governs three key procedural elements: (1) the Government, rather than the noncitizen, bears the burden of proof at the

bond hearing; (2) the Government must meet its burden by clear and convincing evidence to establish that future dangerousness or flight risk is highly probable; and (3) the Government must meet a high threshold of individualized evidence to prove that risk. 638 F.3d 1196, 1203-09 (9th Cir. 2011). *Singh*, however, does not support the proposition that due process requires a detailed decision. *See generally id*. Rather, the Ninth Circuit has held "that due process requires a contemporaneous record of [the bond] hearing[,]" and is satisfied where the record allows the reviewing court to discern the IJ's rationale and determine whether the high burden of proof was properly applied. *Id*. at 1208.

A habeas court reviews an IJ's custody determination for abuse of discretion. *See Martinez*, 124 F.4th at 779, 784-85; *see also Anyanwu v. Bondi*, No. C25-0995JLR-MLP, 2025 WL 3466910, at *4 (W.D. Wash. Oct. 6, 2025), *report and recommendation adopted*, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025). Under this standard, the court looks to whether the IJ applied the correct legal standard and whether the decision was illogical, implausible, or without support in inferences that the court may draw from the facts in the record. *See Martinez*, 124 F.4th at 784-85. While the court may not independently reweigh the evidence, an IJ abuses their discretion if they completely fail to consider or explain key evidence, rendering the decision arbitrary. *See id.* at 785.

Here, the Government has provided Petitioner with a contemporaneous record showing that the IJ considered Petitioner's immigration arrest, criminal record, tattoos that may portend a gang affiliation, and pending BIA appeal in rendering the bond decision. (*See generally* Bond Hearing Transcript.) Because the IJ considered

Petitioner's criminal history during the proceedings, the court cannot conclude that the IJ's decision was illogical, implausible, or without support in inferences that may be drawn from the record. *See Martinez*, 124 F.4th at 784-85. Accordingly, the court agrees with the Government that the IJ provided a bond hearing that gave him a meaningful opportunity to be heard, applied the correct burden of proof, and did not abuse his discretion in denying bond. (Return at 5.) Thus, Petitioner has not shown by a preponderance of the evidence that he is in custody in violation of the laws of the United States and the IJ's bond decision must stand. Because the court denies the motion on this ground, it declines to address the parties' other arguments at this time.

In so holding, the court rejects Petitioner's argument that he is entitled to immediate release. (*See* Mot. ¶¶ 25-27 (so asserting).) As this court previously explained, while a noncitizen is generally released if an IJ rules against removal, the Government is explicitly permitted to maintain detention under 8 U.S.C. § 1537(a)(2) if it appeals a cancellation of removal to the BIA. (*See* 5/27/26 Order at 6.) Because it remains undisputed that the Government has appealed the IJ's cancellation order, detention during the pendency of that appeal is lawful, and the court again declines to order Petitioner's immediate release on this ground. (*Id.*)

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES the motion (Dkt. # 16).

Dated this 8th day of September, 2026.

JAMES L. ROBART
United States District Judge